## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF MICHIGAN

MARSHA A. KERR, individually, and on behalf of all others similarly situated,

  Plaintiff,

v.

ROCKET MORTGAGE, LLC,

  Defendant.

Case No. 2:26-cv-11028

## CLASS ACTION COMPLAINT

**NOW COMES** MARSHA A. KERR ("Plaintiff"), individually, and on behalf of all others similarly situated, by and through her undersigned counsel, complaining of ROCKET MORTGAGE, LLC ("Defendant").

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, and the Maryland Consumer Protection Act ("MCPA"), Md. Code Comm. Law § 13-101 *et seq.*

2. "The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with unsolicited, automated calls." *Parchman v. SLM Corp.*, 896 F.3d 728, 738-39 (6th Cir. 2018) *citing* Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

3. As the Supreme Court hs observed, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

1

## JURISDICTION AND VENUE

4. The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as the TCPA is a federal statute.

5. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. §1367

6. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2) as the Defendant resides in this judicial district.

## PARTIES

7. Plaintiff is a natural person, over 18-years-of-age, who at all times relevant resided in Frederick, Maryland.

8. Defendant is a national mortgage loan lender, originator, and servicer.

9. Defendant maintains its principal place of business in Detroit, Michigan.

## FACTUAL ALLEGATIONS

10. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 7789.

11. At all times relevant, Plaintiff's number ending in 7789 was assigned to a cellular telephone service.

12. At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

13. In 2019, Plaintiff applied for and was issued a mortgage loan by Rocket Mortgage ("subject debt").

14. Plaintiff's mortgage payments are due on 15th of each month.

2

15. Since 2019, Defendant began placing collection calls to Plaintiff's cellular phone *prior* to the payment deadline of the 15th of each month.

16. In the calls that Plaintiff did not answer, Defendant left prerecorded voicemails ("robocalls") on Plaintiff's cellular phone stating:

> "Hello this is Rocket Mortgage servicing. The status of your loan has now changed. Your mortgage requires your immediate attention. It's critical you log into your Rocket Mortgage account today to review your options as payments are due and have impacted your loan. You can also call us at (800) 965-3611 to discuss your next steps. Thank you."

17. It was clear to Plaintiff that Defendant's voicemails utilized an artificial and/or prerecorded voice because (1) all voicemails contained the identical message; (2) all voicemails were precisely the same duration; (3) the voicemails were all monotone and were conspicuously not left by a live representative; (4) none of the voicemails identified Plaintiff by name; and (5) all voicemails referred Plaintiff to the same toll-free number.

18. Fed up with Defendant's invasive robocalls, Plaintiff answered multiple calls and requested that Defendant cease its collection calls.

19. Despite Plaintiff's requests that the robocalls cease, Defendant continued placing robocalls to Plaintiff's cellular phone.

20. In total, Defendant has placed no less than fifty (50) robocalls calls to Plaintiff's cellular phone after Plaintiff initially requested that the calls cease.

21. Defendant's invasive robocalls invaded Plaintiff's privacy and caused Plaintiff damages, including: aggravation that accompanies unwanted phone calls, increased risk of personal injury resulting from the distraction caused by the phone calls, nuisance, annoyance, wear and tear to Plaintiff's cellular phone, loss of battery charge, loss of concentration, mental anguish,

3

the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone, and wasting Plaintiff's time.

22.     Moreover, each time Defendant placed a phone call to Plaintiff's cellular phone, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize her cellular phone while her phone was ringing.

23.     Due to Defendant's refusal to honor Plaintiff's requests that the calls cease, Plaintiff was forced to retain counsel to compel Defendant to cease its abusive collection practices.

## CLASS ALLEGATIONS

24.     All previous paragraphs are expressly adopted and incorporated herein as though fully set forth herein.

25.     Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class") defined as follows:

> All individuals in the United States (1) to whom Defendant or a third party acting on Defendant's behalf, placed, or caused to be placed, a call; (2) directed to a number assigned to a cellular telephone service; (3) using an artificial or prerecorded voice; (4) without the individual's consent; (5) within the four years preceding the date of this complaint through the date of class certification.

26.     The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) individuals who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors or assigns of any such excluded individuals; and (6) individuals whose claims against Defendant have been fully and finally adjudicated and/or released.

**A.      Numerosity**

27.      Upon information and belief, the members of the Putative Class are so numerous that joinder of them is impracticable.

28.      The exact number of the members of the Putative Class is unknown to Plaintiff at this time and can only be determined through targeted discovery.

29.      The members of the Putative Class are ascertainable because the Class is defined by reference to objective criteria.

30.      The members of the Putative Class are identifiable in that their names, addresses, and telephone numbers can be identified in business records maintained by Defendant.

**B.      Commonality and Predominance**

31.      There are many questions of law and fact common to the claims of Plaintiff and the Putative Class.

32.      Those questions predominate over any questions that may affect individual members of the Putative Class.

**C.      Typicality**

33.      Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as a result of Defendant's conduct.

**D.      Superiority and Manageability**

34.      This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

35.      The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

36.     By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

37.     Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

**E.      Adequate Representation**

38.     Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

39.     Plaintiff has no interests antagonistic to those of the Putative Class and Defendant has no defenses unique to Plaintiff.

40.     Plaintiff has retained competent and experienced counsel in consumer class action litigation.

## CLAIMS FOR RELIEF

**COUNT I:**
**Violations of the Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)**
**(On behalf of Plaintiff and the Members of the Putative Class)**

41.     All previous Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

42.     Plaintiff is a "person" as defined by 47 U.S.C. § 153(39) because she is an individual.

43.     Defendant is a "person" as defined by 47 U.S.C. § 153(39) because it is a corporation.

44.     Defendant violated § 227 (b)(1)(A)(iii) of the TCPA by placing no less than fifty (50) non-emergency calls to Plaintiff's cellular phone utilizing an artificial or prerecorded voice without Plaintiff's consent.

6

45.     As pled above, Defendant utilized a prerecorded voice that automatically played upon the call reaching Plaintiff's voicemail.

46.     Defendant did not have consent to place calls to Plaintiff's cellular phone after Plaintiff requested that the collection calls cease.

47.     Upon information and belief, Defendant does not maintain adequate policies and procedures to ensure compliance with the TCPA.

48.     Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to maximize efficiency and profits at the expense of Plaintiff and the Putative Class.

49.     As pled above, Plaintiff was harmed by Defendant's unlawful collection calls.

**WHEREFORE**, Plaintiff, on behalf of herself and the members of the Putative Class, requests the following relief:

A.      an order granting certification of the proposed class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;

B.      a judgment in Plaintiff's favor finding that Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii);

C.      an order enjoining Defendant from placing further unlawful calls to Plaintiff and the members of the Putative Class;

D.      an award of $500.00 in damages to Plaintiff and the members of the Putative Class for each such violation;

E.      an award of treble damages up to $1,500.00 to Plaintiff and the members of the Putative Class for each such violation; and

7

F.      any further relief this Court deems just and proper.

### Count II – Violations of the Maryland Consumer Protection Act

50.     All preceding Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

51.     Pursuant to § 13-303 of the MCPA, "[a] person may not engage in any unfair, abusive, or deceptive trade practice" in the context of both "the extension of consumer credit" and "[t]he collection of consumer debts." Md. Code Comm. Law §§ 13-303(4)-(5).

52.     Defendant violated the MCPA by unfairly (1) placing harassing collection calls to Plaintiff's cellular phone prior to her monthly mortgage payments becoming due; and (2) continuing its harassing collection calls after Plaintiff requested that the calls cease.

53.     Defendant's practice of placing premature collection calls and continuing such calls after being directed to stop such calls is objectively an unfair practice that violates the MCPA.

54.     As pled above, Plaintiff was harmed by Defendant's conduct.

**WHEREFORE,** Plaintiff requests the following relief:

a.      A finding that Defendant violated the MCPA;

b.      An award of actual damages;

c.      An award of punitive damages;

d.      An award of Plaintiff's attorney's fees and costs; and

e.      Any further relief this Honorable Court deems just and appropriate.

### DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: March 27, 2026

Respectfully Submitted,

/s/ *Mohammed O. Badwan*
Mohammed O. Badwan, Esq.
Sulaiman Law Group, Ltd.
2500 South Highland Avenue
Suite 200
Lombard, IL 60148
Telephone: (630) 575-8180
mbadwan@sulaimanlaw.com
*Counsel for Plaintiff*